Battle, J.
 

 The present indictment is framed upon the 103d section of the 34th chapter of the Eevised Code, which enacts that,
 
 “
 
 If any person shall unlawfully and wilfully burn, destroy, pull down, inj are or remove any fence, wall or other enclosure, or any part thereof surrounding or about any yard, garden cultivated field, or pasture,” he shall be deemed to be guilty of a misdemeanor. The special verdict states,
 
 *376
 
 that the part of the fence, for the taking away of which the defendant was indicted, was “ unlawfully and without license” put upon his land by the prosecutor. How it would be unlawful for the defendant to remove this obstruction from his own land, we are unable to conceive. If the prosecutor sustained any damage, it was in consequence of his own wrongful act, and he cannot make the defendant criminally responsible for it. “To subject a person to the penalties of the Act in question, he must be guilty of trespass,” of which the defendant in the present case, certainly was not.
 
 State
 
 v. Williams, Busb. Rep. 197. The judgment must be affirmed.
 

 Pee Cueiam.
 

 Judgment affirmed.